1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ED J.,

                                    Plaintiff,

            v.

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.

Case No. C23-1379 RSM

**ORDER AFFIRMING AND
DISMISSING CASE**

        This matter is before the Court on Defendant's Motion to Dismiss under Federal Rule of

Civil Procedure 12(b)(1).  Dkt. 5.  Plaintiff failed to respond to the Motion and such failure may

be considered by the Court as an admission that Defendant's Motion has merit.  Local Civil Rule

7(b)(2).  Having considered the relevant record, and Plaintiff's lack of response, the Court

GRANTS Defendant's Motion to Dismiss. Accordingly, the Court dismisses this case with

prejudice.

                                **BACKGROUND**

        On July 28, 2023, Plaintiff, proceeding *pro se*, filed a Complaint in Skagit County

District Court against the Social Security Administration (SSA) field office in Mt. Vernon,

Washington (field office).  Dkt. 1-1 at 2.  Plaintiff alleged that Defendant is indebted to Plaintiff

in the amount of $10,000.  *Id*.  He wrote the basis of his claim as follows: "Opt out of Medicare

ORDER AFFIRMING AND DISMISSING
CASE - 1

and not pay fired Law Firm for Vacate my Contract by June 2022.  SS paid 2/2023 $6,000[.]

Medicare enrolled without permission."  *Id*.  Plaintiff's case was removed to this Court by

Defendant on September 6, 2023.  Dkt. 1.  Defendant then filed the instant Motion, along with a

declaration by Paul Flores, District Manager of the field office.  *See* Dkt. 6.  In the declaration,

Mr. Flores wrote that he had access to Plaintiff's Social Security files.  *Id*. at 1. The declaration

included the following exhibits:

- A "Social Security Fee Agreement" with Kerr Robichaux & Carroll Law Office signed by Plaintiff on December 30, 2021. Dkt. 6-1.  The agreement authorizes the firm to assist Plaintiff with his application for Social Security benefits and states that Plaintiff would pay his representatives a maximum of $6,000 in fees. *Id*.

- A Notice of Award from the SSA dated December 24, 2022 stating Plaintiff is entitled to monthly disability benefits. Dkt. 6-2 at 2.  The notice states Plaintiff will receive $1,621 for December 2022.  *Id*.  The notice also states his benefits are subject to deduction for Medicare premiums, that the SSA approved the fee agreement between Plaintiff and his representatives, and that the SSA withheld $6,000 of Plaintiff's past-due benefits to pay for Plaintiff's representative fees. *Id*. at 3–4.

- A letter Plaintiff submitted to and received by the field office on December 27, 2022. Dkt. 6-3.  In relevant part, Plaintiff wrote: "I opt out of Medicare, as I do not authorize any deductions of any sort from all my Soc[ial] Sec[urity] Benefit payments.  At this time, the [f]ull [g]ross [b]enefit amount is not to be altered and paid to my Chase Bank account as previously authorized.  Any future deductions must be pre[-a]pproved in writing by me.  I revoked/fired the Law Office of Kerr[] Robichaux, and [Carroll] as of June 2022." *Id*. at 2–3.

- A notice from the SSA dated May 3, 2023 confirming that Plaintiff stated that he did not want medical insurance under Medicare. Dkt. 6-4 at 2.  The notice states  Plaintiff will receive monthly benefits in the amount of $1,621.  *Id*.

- A notice from the SSA dated July 27, 2023 informing Plaintiff that his Medicare starts July 2023 and that the "State of Washington will pay" for his Medicare medical insurance premium beginning that month.   Dkt. 6-5  at 2.

Plaintiff filed no response to Defendant's Motion to Dismiss.

//

ORDER AFFIRMING AND DISMISSING
CASE - 2

**DISCUSSION**

Defendant contends the Court must dismiss this case because (1) Plaintiff has not exhausted his administrative remedies and (2) the SSA is not the proper defendant.  Dkt. 5.

1.     **Judicial Review Under the Social Security Act**

A party may file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the subject matter jurisdiction of the Court.  "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  As such, they may only review cases as authorized by either the Constitution or a federal statute. *Id.* "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss [it]." *Morongo Band of Mission Indians v. California Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (quotation omitted).

A plaintiff seeking a judicial review of the denial of their benefits under the Social Security Act (the Act) must first exhaust the remedies set forth in the Act. *See* 42 U.S.C. § 405(g); *Subia v. Comm. of Soc. Sec.*, 264 F.3d 899 (9th Cir. 2001); *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989).  Section 405(g) of the Act specifically states, "that a civil action may be brought only after (1) the claimant has been party to a hearing held by the [Commissioner], and (2) the [Commissioner] has made a final decision on the claim." *Bass*, 872 F.2d at 833.  A claimant obtains the Commissioner's "final decision" about his or her entitlement to benefits only after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an Administrative Law Judge ("ALJ"); and (4) Appeals Council review. *See* 20 C.F.R. § 416.1402(a)(1).  Without a final agency decision, a district court has no subject-matter jurisdiction. 42 U.S.C. §§ 405(g) and 1383(c); 20 C.F.R. § 416.1400(a)(5); *Califano v. Sanders*, 430 U.S. 99, 108–09 (1977).

In this case, there is no "final decision" that would allow this Court to review Plaintiff's claims.   When a claimant is found disabled, the claimant's benefits are subject to deduction for Medicare. *Beverly Cmty. Hosp. Ass'n v. Belshe*, 132 F.3d 1259, 1262 (9th Cir. 1997). ("[Medicare] is a federal health insurance program for elderly and disabled persons.").  The benefits are also subject to deduction to pay for the services of the claimant's representative.  42 20 C.F.R. § 416.1530.

The essence of Plaintiff's complaint is that he is being underpaid of his SSI benefits because he "opted out" of Medicare and terminated his agreement with his representatives.  Dkt. 1-1 at 2.  However, the exhibits submitted by Defendant show that after Plaintiff wrote to the field office about "opting out" of Medicare, the SSA sent a notice to Plaintiff stating that his premium for the program was being paid for by the state of Washington.  Dkt. 6-5 at 2.  In his declaration, Mr. Flores confirmed that the state of Washington has an involuntary "Buy-In Program" where the state—not the claimant—enrolls "certain groups of need people in Medicare Part 'B' and pay[s] their premiums."  Dkt. 6 at 2.  According to Mr. Flores, Plaintiff also was not actively enrolled in Medicare.  *Id*.  Further, the exhibits indicate no deductions from Plaintiff's monthly award benefits.  After being found disabled, the SSA awarded him $1,621 per month— Plaintiff continued to receive this amount after the SSA confirmed his "opting out" of Medicare and after the SSA informed him that the state of Washington would pay for his medical insurance.  *See* Dkts. 6-2 at 2; 6-4 at 2; 6-5 at 2.

With regard to Plaintiff's complaint about the SSA deducting representative fees, the regulations state that after the SSA initially approves a representative's fee agreement, any changes to the agreement must be approved again by the SSA.  20 C.F.R. § 416.1530(c).  The exhibits submitted by Defendant do not show that Plaintiff or his representatives asked

permission from the SSA to change the agreement the SSA had approved.  And whether Plaintiff's representatives collected any of the fees the SSA did approve is not within the purview of the agency or this Court.  *See id*. ("[T]he collection of any approved fee is a matter between [the claimant] and the[ir] representative.").

Further, even if the exhibits included any evidence that there had been deductions from Plaintiff's benefits, the SSA notified Plaintiff multiple times that he had a right to appeal any of its decisions so that the agency could "review the parts of the decision that [he] think[s] are wrong and correct any mistakes."  Dkts. 6-2 at 5; 6-4 at 2; 6-5 at 3.  Because Plaintiff did not respond to Defendant's Motion, Plaintiff is unable to show that he requested an appeal regarding the alleged deductions from his benefits, that he received an initial and reconsideration determinations, and that he had a hearing before an ALJ whose decision the Appeals Council reviewed.  In other words, Plaintiff has failed to show that he exhausted his administrative remedies to garner a "final decision" from the Commissioner that this Court can then review. The Court, therefore, has no subject matter jurisdiction over Plaintiff's claims.

### 2.  Medicare Act

Defendant also contends the SSA is not the proper defendant because Plaintiff's claims "arise under" the Medicare Act.  Dkt. 5 at 7.

A claim "arises under" the Medicare Act (1) where the standing and the substantive basis for the presentation of the claims is the Medicare Act, (2) where the claims are inextricably intertwined with a claim for Medicare benefits, or (3) cases that are cleverly concealed claims for benefits.  *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1141 (9th Cir. 2010) (cleaned up).

As Plaintiff is disputing the alleged Medicare premiums deductions from his Social Security benefits, his claim "arises under" the Medicare Act.  *Magnandonovan v. Kijakazi*, No.

ORDER AFFIRMING AND DISMISSING
CASE - 5

5:21-CV-00863-SB-ADS, 2023 WL 4458305, at *1 (C.D. Cal. July 10, 2023) (finding that a claim regarding Medicare deductions from Social Security benefits is a claim "arising under" the Medicare Act because "[a]lthough the SSA makes the initial determination of [a claimant's] Medicare Part B premium amount, it does so by applying Medicare's rules."). *Cf. Do Sung Uhm*, 620 F.3d at 1141–42 (noting how the court broadly considers the types of cases that "arise under" the Medicare Act). It is the Secretary of Human and Health Services (Secretary) who is responsible for the administration of the Medicare program, including the promulgation of its regulations and making initial determinations for Medicare benefits, not the Commissioner of Social Security. 42 U.S.C. §§ 1302, 1395ff. Therefore, the proper defendant here is the Secretary, not the Commissioner.

However, as Defendant points out, even if Plaintiff had named the Secretary as the proper defendant, the Court still lacks jurisdiction over Plaintiff's claim. Congress established a detailed process for judicial review of Medicare disputes by incorporating by reference provisions of the Social Security Act, including its administrative exhaustion requirement. *See* 42 U.S.C.1395ff(b)(1). Thus, an individual seeking judicial review of a decision regarding their Medicare must first obtain a "final decision" from the Secretary. *Do Sung Uhm*, 620 F.3d at 1140. Here, Plaintiff has not gone through the proper administrative process and has not obtained a "final decision" from the Secretary. Therefore, the Court does not have subject matter jurisdiction over Plaintiff's Medicare claim.

Finally, Defendant correctly points out that to obtain judicial review of a claim regarding Medicare, "the required amount remaining in controversy must be $1,000 or more" and adjusted to the consumer price index. 42 C.F.R. §§ 405.1006(b), (c). Plaintiff alleges that the amount in dispute here is $10,000. Dkt. 1-1 at 2. But as explained earlier in this decision, the exhibits

ORDER AFFIRMING AND DISMISSING
CASE - 6

1  submitted by Defendant indicate that the state of Washington was paying his Medicare premiums

2  and no amount was being deducted from his SSI benefits for medical insurance.

3                                          **CONCLUSION**

4          Based on the foregoing reasons, the Court hereby finds Plaintiff has not established

5  subject matter jurisdiction.  Accordingly, Defendant's motion is GRANTED and this case is

6  DISMISSED with prejudice.

7          DATED this 17th day of October, 2023.

8

9

10                                          RICARDO S. MARTINEZ
                                            UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER AFFIRMING AND DISMISSING
CASE - 7